Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| CARLOS LUIS FERNÁNDEZ CUADRADO Y OTROS<br><br>Demandantes - Apelantes<br><br>v.<br><br>VINNY´S RESTAURANT, LLC Y OTROS<br><br>Demandados – Apelados | TA2026AP00546 | Apelación procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Civil núm.: NG2019CV00008<br><br>Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli.

Sánchez Ramos, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2026.

En un caso de daños y perjuicios, a raíz de una agresión, el Tribunal de Primera Instancia ("TPI"), por la vía sumaria, desestimó en cuanto al patrono de uno de los supuestos agresores. Según se explica en detalle a continuación, concluimos que erró el TPI, pues el récord sustenta la conclusión de que lo actuado por el empleado tenía el propósito de servir y proteger los intereses de su patrono en vez de los suyos propios.

I.

En enero de 2019, los esposos Carlos Luis Fernández Cuadrado (la "Víctima") y Aimee Flores Crespo (ambos, los "Demandantes" o "Apelantes") presentaron la acción de referencia, sobre daños y perjuicios (la "Demanda"), en contra de "Vinny's Restaurant LLC" (el "Restaurante" o el "Patrono") y varios empleados de este: el Sr. Alexis E. Ramos Gómez (el "Empleado"), la Sa. Doris J. Gómez González (la "Encargada") y la Sa. Natash A. Ramos González (la "Empleada").

Alegaron que, el 7 de enero de 2018, visitaron el Restaurante, ubicado en el malecón del municipio de Naguabo, y que, debido al mal servicio que recibieron (comida tardó y la que llegó no fue la que se pidió), decidieron marcharse del lugar luego de que la Encargada les dijera que no le cobraría la orden de comida de la Víctima. Los Demandantes afirmaron que varios empleados del Restaurante agredieron a la Víctima en el estacionamiento de dicho negocio, bajo la creencia errónea de que los Demandantes se marchaban sin haber pagado su cuenta.

Se alegó que, a raíz de la referida agresión, la Víctima tuvo que ser intervenido quirúrgicamente para tratar una fractura craneal del hueso occipital y un hematoma epidural que le ocasionó un aumento en la presión intracraneal. La Víctima estuvo en estado comatoso aproximadamente un mes en la unidad de cuidados intensivos del Centro Médico y requirió un extenso proceso de rehabilitación que incluyó terapia física, ocupacional y del habla. A raíz del incidente, la Víctima tiene daño cerebral permanente, dificultades para hablar y tragar, pérdida de visión, pérdida de memoria e incapacidad permanente.

En lo pertinente, al contestar la Demanda, el Restaurante negó que empleados suyos agredieran a la Víctima. Sostuvo que la agresión fue cometida por terceras personas.

Al cabo de varios trámites procesales, que incluyeron la presentación de una *Demanda Enmendada*, el 3 de febrero de 2026, el Restaurante instó una *Moción de Sentencia Sumaria de la Parte Co-Demandada Vinny´s Restaurant, LLC* (la "Moción"). Arguyó que no había controversia sobre el hecho de que ni la Encargada ni la Empleada participaron de forma alguna en la agresión de la Víctima.

En cuanto al Empleado, el Restaurante admitió que había controversia sobre si este participó en la agresión a la Víctima. No obstante, el Restaurante arguyó que no respondía a los

Demandantes, aun partiendo de la premisa de que el Empleado hubiese agredido a la Víctima. Ello porque el Empleado, al así actuar, no realizaba gestiones de su puesto o en beneficio del Restaurante.

Los Demandantes se opusieron a la Moción. Sostuvieron que tanto el Empleado, como "otros empleados" del Restaurante, intervinieron en el altercado, y que este surgió tras las quejas sobre el servicio del Restaurante. Añadieron que la discusión se originó dentro del marco de la relación cliente-establecimiento e involucra empleados del negocio, por lo cual el Restaurante podría responderles.

Mediante una *Sentencia Parcial* notificada el 8 de abril, el TPI desestimó la Demanda en cuanto al Restaurante. El TPI determinó que no había controversia sobre los siguientes hechos:

1. El 7 de enero de 2018 los demandantes visitaron el restaurante Vinny's Restaurant, LLC, ubicado en Naguabo, Puerto Rico.

2. Durante su visita, los demandantes manifestaron inconformidad con el servicio recibido, alegando que la comida tardó en ser servida y que el pedido no correspondía exactamente a lo solicitado.

3. La mesa de los demandantes no fue atendida por Alexis F. Ramos Gómez ni por Natasha (sic) Ramos Gómez.

4. Ante la situación planteada por los demandantes, la mesera del establecimiento solicitó la intervención de Doris Gómez, quien acudió a la mesa para atender la queja.

5. Durante dicha interacción, se acordó que los demandantes no tendrían que pagar el plato de comida objeto de la queja.

6. La prueba testifical presentada durante el descubrimiento de prueba refleja que ninguno de los testigos deponentes identificó a Doris Gómez ni a Natasha Ramos Gómez como personas que hayan agredido a los demandantes.

7. Asimismo, surge de las deposiciones que Doris Gómez y Natasha (sic) Ramos Gómez no presenciaron el incidente alegado, ya que no se encontraban en el área donde ocurrieron los hechos al momento de los mismos.

8. Los testigos deponentes Aimee Flores Crespo, Miriam del Carmen Flores Crespo y Miguel Rodríguez indicaron no haber observado a Doris Gómez ni a Natasha (sic) Ramos Gómez agredir a persona alguna.

9. El testigo Miguel Rodríguez declaró haber visto al Sr. Carlos L. Fernández Cuadrado en el suelo luego de ocurrido el incidente, indicando que previo a ese momento él se encontraba dentro del restaurante.

10. El referido testigo declaró haber observado a Alexis F. Ramos Gómez dar patadas al Sr. Carlos L. Fernández Cuadrado; no obstante, Alexis F. Ramos Gómez negó en su deposición haber agredido al demandante o haber tenido contacto físico con él.

11. No surge del expediente evidencia que establezca que Alexis F. Ramos Gómez, de haber participado en el incidente alegado, actuara en el desempeño de sus funciones como empleado del restaurante ni con el propósito de adelantar los intereses de su patrono.

12. Tampoco surge del expediente evidencia que establezca que la alegada agresión formara parte de las funciones laborales de los empleados del restaurante ni que se realizara en beneficio de la empresa.

13. La parte demandante no presentó prueba que establezca conducta culposa o negligente de parte de Doris Gómez o Natasha Ramos Gómez relacionada con la alegada agresión.

14. Concluido el descubrimiento de prueba, no existe evidencia en el récord que demuestre la concurrencia de los elementos necesarios para imputar responsabilidad vicaria a Vinny's Restaurant, LLC por los actos alegados.

El 20 de abril, la Encargada y la Empleada presentaron una *Moción de Reconsideración de Sentencia.* En síntesis, solicitaron que, a raíz de las determinaciones del TPI, se desestimara la Demanda en cuanto a ellas respecta.

Por su parte, el 21 de abril, los Demandantes también solicitaron la reconsideración de la referida *Sentencia Parcial.* Arguyeron que el incidente estuvo relacionado con gestiones de cobro por el Restaurante y que involucró a empleados del Restaurante, por lo cual no procedía desestimar en cuanto a este. Señalaron que una empleada, llamada Lilly, salió a cobrarle a la Víctima cuando este salió del Restaurante, y se le unieron varios empleados, sin ellos saber que la Encargada había determinado que

no se le cobraría. Sostuvieron que, aun cuando un empleado actúe de forma excesiva o indebida, puede responder el patrono si el acto guarda relación con su trabajo.

El 29 de abril, el TPI dictó y notificó una *Resolución* en la que denegó la solicitud de reconsideración de los Demandantes. En cuanto a la solicitud de reconsideración de la Encargada y la Empleada, el TPI determinó que les asistía la razón, debido a que no había controversia sobre el hecho de que estas no participaron en el incidente ni lo presenciaron.

En igual fecha, el TPI notificó una *Sentencia Parcial Enmendada* (la "Sentencia"), con el fin de disponer sobre la desestimación con perjuicio de la Demanda en cuanto a la Encargada y la Empleada.

Inconformes, el 29 de mayo, los Demandantes presentaron el recurso que nos ocupa. Señalan que erró el TPI al desestimar la Demanda en cuanto al Restaurante porque "la razón de la intervención con [la Víctima] se debió a [la] creencia de que se había ido sin pagar", y también en cuanto a la Encargada y la Empleada, porque estas no habían presentado su propia moción de sentencia sumaria.

El Restaurante presentó su alegato en oposición. Arguye que, aun bajo la premisa de que el Empleado participó en la agresión, el récord no contiene prueba de que ello ocurriese dentro del marco, o en ocasión, de las funciones del Empleado, y con el propósito de servir, adelantar o proteger los intereses del Restaurante. Planteó que tal acto habría sido "un acto personal, excesivo, autónomo y completamente apartado de las funciones" del Restaurante. Resolvemos.

## II.

La sentencia sumaria es un mecanismo procesal que se utiliza para lograr la solución justa, rápida y económica de una

controversia sin que resulte necesario celebrar un juicio en su fondo. *Meléndez González v. M. Cuebas, Inc.*, 193 DPR 100, 109 (2015); *SLG Zapata v. J.F Montalvo*, 189 DPR 414, 430 (2013). Este mecanismo procesal se rige por la Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.

En particular, la Regla 36.3 (e) de las de Procedimiento Civil, *supra*, dispone que procede dictar sentencia sumaria si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia, si la hubiere, acreditan la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y pertinente y, además, si el derecho aplicable así lo justifica. *Meléndez González et al.*, supra; *SLG Zapata*, supra; *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 128 (2012).

Si se concluye que "existe una controversia real y sustancial sobre hechos relevantes y pertinentes", no procede dictar sentencia sumaria. *Ramos Pérez v. Univisión*, 178 DPR 200, 213-214 (2010) (Énfasis nuestro). Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Meléndez González et al.*, supra; *Ramos Pérez*, 178 DPR a la pág. 213, citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. J.T.S., 2000, T. I, pág. 609; *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001); *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 577 (1997).

La parte promovente de una solicitud de sentencia sumaria está obligada a establecer, mediante prueba admisible en evidencia, la inexistencia de una controversia real respecto a los hechos materiales y esenciales de la acción. Además, deberá demostrar que, a la luz del derecho sustantivo, amerita que se dicte sentencia a su favor. *Ramos Pérez*, supra; *Vera v. Dr. Bravo*, 161 DPR 308, 332-333 (2004). Cuando de las propias alegaciones, admisiones o

declaraciones juradas, surge una controversia de hechos, la moción de sentencia sumaria es improcedente. *Mgmt. Adm. Servs., Corp. v. E.L.A.*, 152 DPR 599, 610 (2000).

Por su parte, quien se oponga a que se dicte sentencia sumaria debe controvertir la prueba presentada. La oposición debe exponer de forma detallada y específica los hechos pertinentes para demostrar que existe una controversia fáctica material, y debe ser tan detallada y específica como lo sea la moción de la parte promovente pues, de lo contrario, se dictará la sentencia sumaria en su contra, si procede en derecho. Regla 36 (c) de las de Procedimiento Civil, supra. Cuando la moción de sentencia sumaria está sustentada con declaraciones juradas u otra prueba, la parte opositora no puede descansar en meras alegaciones y debe proveer evidencia para demostrar la existencia de una controversia en torno a un hecho material. A tales efectos, el juzgador no está limitado por los hechos o documentos que se aduzcan en la solicitud, sino que debe considerar todos los documentos del expediente, sean o no parte de la solicitud de sentencia sumaria, de los cuales surjan admisiones hechas por las partes. *Const. José Carro*, 186 DPR a la pág. 130, citando a *Cuadrado Lugo v. Santiago Rodríguez*, 126 DPR 272, 280-281 (1990).

De otra parte, se reconoce el mecanismo de la sentencia sumaria por insuficiencia de la prueba en situaciones en las que una parte alega que la parte antagonista no cuenta con suficiente evidencia para prevalecer en un juicio. *Medina v. M.S. & D. Química P.R., Inc.*, 135 DPR 716, 731 (1994). Bajo esta modalidad de la sentencia sumaria, una vez que las partes culminan un adecuado y apropiado descubrimiento de prueba, el promovente puede solicitar la sentencia sumaria alegando insuficiencia de prueba por parte del promovido. *Medina*, 135 DPR a la pág. 732. Destacamos que tanto la moción de sentencia sumaria como la oposición a esta, podrán

ser acompañadas con documentos relacionados con el descubrimiento de prueba o con evidencia afirmativa, aunque la misma no haya sido obtenida mediante el descubrimiento.[1] *Medina*, 135 DPR a las págs. 732-733.

Asimismo, "[a] la modalidad de sentencia sumaria por insuficiencia de la prueba le aplican todas las normas y principios que tradicionalmente hemos indicado deben utilizarse por los tribunales al entender en una moción de sentencia sumaria." *Medina*, 135 DPR a la pág. 734. Por consiguiente, de existir alguna "duda sobre si hay o no prueba suficiente o si hay una controversia de hecho, esta duda debe resolverse en favor de la parte promovida". Íd.

### III.

El Artículo 1802 del Código Civil[2] (el "Artículo 1802") establecía que el que por acción u omisión cause daño a otro, mediando culpa o negligencia, estará obligado a reparar el daño causado. 31 LPRA ant. sec. 5142. Las acciones bajo el Artículo 1802 procedían cuando se viola un "deber general de corrección en relación con los demás ciudadanos [que] es requisito indispensable para la convivencia social ordenada". *Ocasio Juarbe v. Eastern Air Lines*, 125 DPR 410, 418 (1990). Para que prospere una reclamación en daños y perjuicios al amparo del Artículo 1802, se requería que la parte demandante probara los siguientes tres elementos: (1) un acto o una omisión culposa o negligente; (2) relación causal entre el acto o la omisión culposa o negligente y

---

[1] La parte promovida podrá derrotarla con sólo presentar una oposición acompañada con prueba que controvierta o que rebata la evidencia afirmativa presentada por el promovente. Esta prueba en oposición a la sentencia sumaria puede ser admisible en evidencia o, aunque no sea admisible en la forma presentada, podría convertirse en una prueba admisible o dar lugar a una prueba admisible. Íd.

[2] Hacemos referencia al derogado Código Civil de 1930 por estar vigente al momento de los hechos que originaron la acción de referencia.

el daño ocasionado; y (3) el daño real causado al reclamante. *López v. Porrata Doria*, 169 DPR 135, 150 (2006).

El concepto de culpa o negligencia se refiere a "la falta de debido cuidado, que a la vez consiste en no anticipar y prever las consecuencias racionales de un acto [o la omisión de un acto] que una persona prudente habría de prever en las mismas circunstancias". *Valle v. ELA*, 157 DPR 1, 18 (2002). La negligencia por omisión supone la existencia de un deber jurídico cuyo cumplimiento hubiese evitado el daño.

En cuanto al requisito de relación causal, el estándar aplicable es el de causalidad adecuada; de conformidad, no es causa toda condición sin la cual no se hubiera producido el resultado, sino "la condición que ordinariamente produce el daño, según la experiencia general". *Porrata Doria*, 169 DPR a la pág. 152.

Por otro lado, el concepto de daño ha sido definido como "todo aquel menoscabo material o moral que sufre una persona ya en sus bienes vitales naturales, ya en su propiedad o en su patrimonio, causado en contravención a una norma jurídica y por el cual ha de responder otra". *Nieves Díaz v. González Massas*, 178 DPR 820, 845 (2010); *Santini Rivera v. Serv. Air, Inc.*, 137 DPR 1, 7 (1994).

## IV.

Por su parte, el Artículo 1803 del Código Civil, 31 LPRA ant. sec. 5142, establecía que la obligación que impone el Artículo 1802, *supra*, es exigible, no solo por los actos u omisiones propias, sino por los de aquellas personas de quienes se debe responder. Para que exista esta obligación tiene que existir un nexo jurídico previo entre el causante del daño y el que está obligado a repararlo. De esa manera, la referida disposición estatutaria consagra la doctrina de responsabilidad vicaria. *García v. E.L.A.*, 163 DPR 800, 811 (2005).

Entre aquellos llamados a responder por los actos de otras personas, el precitado Artículo 1803 contemplaba la

responsabilidad de los dueños o directores de un establecimiento o empresa respecto de los perjuicios causados por sus dependientes en el servicio en que los tuvieran empleados, o con ocasión de sus funciones. Se reconoce así, la responsabilidad del patrono por las actuaciones culposas o negligentes de sus empleados en el desempeño de sus funciones. *Hernández Vélez v. Televicentro*, 168 DPR 803, 814 (2006).

Para activar la presunción de culpa del patrono, la parte demandante debe establecer *prima facie* que: "(1) una relación de dependencia entre el patrono y el empleado, (2) que el empleado actuó en el desempeño de su oficio con el propósito de servir y proteger los intereses del patrono, y (3) que el empleado tuvo culpa en el desempeño de esas funciones". *Pérez Hernández v. Lares Medical Center, Inc.*, 207 DPR 965, 983 (2021); *Hernández Vélez*, supra. Una vez activada la presunción de culpa del patrono, este puede liberarse de responsabilidad si prueba que empleó toda la diligencia de un "buen padre de familia". *Pérez Hernández*, 207 DPR a las págs. 982-983.

En lo que respecta a la responsabilidad de un patrono por la conducta delictiva de un empleado, "existe responsabilidad vicaria siempre que el acto delictivo se lleve a cabo como un incidente de la protección de los intereses del patrono y no en protección de los intereses personales del agente". *Hernández Vélez*, 168 DPR a la pág. 816 citando a *Rodríguez v. Pueblo*, 75 DPR 401, 409–410 (1953); *Maysonet v. Sucn. Arcelay*, 70 DPR 167, 173 (1949).

## V.

Examinada detenidamente la totalidad del récord, concluimos que erró el TPI al concluir que procedía, en esta etapa, la desestimación de la reclamación en contra del Restaurante. Veamos.

Como cuestión de umbral, aclaramos que, para fines del presente análisis, partimos de la premisa de que el Empleado participó en la agresión a la Víctima. Aunque hay controversia al respecto, la cual eventualmente tendrá que ser resuelta por el TPI, la Moción no se podía resolver a favor del Restaurante sobre la base de un hecho controvertido.

Por su parte, la inferencia más razonable que se puede derivar del récord (y, tal vez la única inferencia posible en esta etapa) es que la agresión del Empleado estuvo motivada por la interacción de la Víctima con el personal del Restaurante. Ello porque el récord es claro a los efectos de que la Víctima insistentemente manifestó quejas por el servicio en el Restaurante, al punto de que la Encargada accedió a no cobrarle. Inmediatamente luego, mientras la Víctima caminaba al estacionamiento del negocio, sufrió la agresión del Empleado.

Lo más razonable, a la luz de lo anterior, es concluir que la agresión se debió a la creencia del Empleado de que la Víctima intentaba evadir un pago debido al Restaurante, o bien a la molestia del Empleado por la conducta de la Víctima hacia el Restaurante. Mientras tanto, el récord no contiene prueba alguna que sostenga la sugerencia del Restaurante a los efectos de que la agresión pudiese haber estado motivada por algún motivo personal del Empleado, no relacionado a la interacción entre la Víctima y la empleomanía del Restaurante el día de los hechos.

Ante lo anterior, el récord claramente permite concluir que lo actuado por el Empleado estuvo motivado, y "tenía el propósito de servir y proteger los intereses de su patrono y no los suyos propios". *Hernández Vélez, supra.* Lo determinante no es si lo actuado por el Empleado en realidad adelanta los intereses del Restaurante, o si ello está dentro del marco de sus funciones, pues, de otra manera, ningún acto penal intencional por un empleado podría generar

responsabilidad del patrono, y la norma, según hemos visto, es otra. Lo crucial es si el Empleado actuó en atención a su interés de beneficiar al Patrono, a diferencia de haber actuado motivado por razones personales ajenas a su relación laboral con el Patrono. *Hernández Vélez*, 168 DPR a la pág. 815, citando a *Maysonet v. Sucn. Arcelay*, supra.

En este caso, la única conclusión posible, en esta etapa, es que el Empleado agredió a la Víctima a raíz de las diferencias entre la Víctima y el Restaurante en cuanto al servicio brindado, o a raíz de la creencia de que la Víctima intentaba evadir un pago debido al Restaurante, o ambas. Ello claramente implica que lo actuado por el Empleado respondió a motivaciones relacionadas únicamente con los intereses del Restaurante y con su relación laboral con dicho negocio, sin que exista evidencia a los efectos de que el Empleado actuó motivado por alguna razón personal ajena al conflicto de ese día entre la Víctima y el Restaurante.

Por otro lado, concluimos que el TPI actuó correctamente al desestimar la reclamación en cuanto a la Empleada y la Encargada. Surge de forma incontrovertida del récord que estas no presenciaron o intervinieron en el altercado que originó la acción de referencia. Tampoco se desprende del récord que la Encargada autorizara la agresión o que fuese responsable de la misma a través de alguna omisión negligente. Contrario a lo planteado por los Demandantes, no era necesario que estas demandadas presentaran una moción separada de sentencia sumaria cuando (i) realmente no hay controversia sobre los hechos materiales al respecto y (ii) dichas demandadas solicitaron explícitamente el remedio concedido a través de una moción de reconsideración, a lo cual los Demandantes tuvieron la oportunidad de oponerse.

VI.

Por los fundamentos que anteceden, se revoca parcialmente la sentencia apelada a los fines de dejar sin efecto la desestimación

de la Demanda en cuanto a Vinny's Restaurante, LLC, y se confirma la desestimación de la Demanda en cuanto a la Sa. Doris J. Gómez González y la Sa. Natash A. Ramos González.  Se devuelve el caso al Tribunal de Primera Instancia para trámites ulteriores compatibles con lo aquí expuesto y resuelto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones